IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHELLE E. DE SOUSA, *et al.,*

Plaintiffs,

v.

MOON BAY, *et al.,*

Defendants.

Civil Action No. 24-cv-1518

Judge Stickman

**FILED UNDER SEAL**

**1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING ASSETS AND MERCHANT STOREFRONTS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; AND 4) ORDER AUTHORIZING EXPEDITED DISCOVERY**

This matter is before the Court upon Plaintiff's *Ex Parte* Application for the following: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; and 4) an order authorizing expedited discovery against the Defendants identified on **Schedule "A"** to the Complaint and attached hereto (collectively, the "Defendants").  The Court has considered the Application, the evidence in the record, and the applicable law. The legal support for this motion is contained in the accompanying Memorandum of Law.

By the instant Application, Plaintiffs move *ex parte* pursuant to 15 U.S.C. § 1116, 17 U.S.C. § 502, Federal Rules of Civil Procedure 64 and 65, and The All Writs Act, 28 U.S.C. § 1651(a), for entry of a temporary restraining order and an order restraining assets and Merchant Storefronts, for violations of the Patent Act, the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and related state law claims.  Because Plaintiffs have satisfied the requirements for the issuance

of a temporary restraining order, and good cause has been shown for the issuance of the same, the Court grants Plaintiffs' Application.

## FACTUAL FINDINGS & CONCLUSION OF LAW

1.     Plaintiffs are likely to prevail on their Patent Act and Lanham Act claims[1], and related state law claims at trial.

2.     Michelle E. DeSousa is a co-inventor and owner and president of the Plaintiff company, BraNovations, Inc., the exclusive licensee of the Plaintiffs' Patented **CLEAVA®** and **SNAPPY CAMI®** brand mock camisoles, together with her husband and co-inventor, Jose De Jesus De Sousa, they are collectively the Plaintiffs bringing this lawsuit. The Plaintiffs' innovative mock camisoles are a garment and brassiere accessories that are worn under a top, easily adjust for size, fasten to a brassiere, cover cleavage, and thus provide a user with the ability to wear short tops and dresses in situations that require modest attire.

3.     Plaintiffs' Patented products are sold under the registered trademarks **CLEAVA®** and **SNAPPY CAMI®** are protected by multiple utility and design patents both here in the United States and Internationally.

4.     Plaintiffs are the owners of U.S. Patent No. 8,152,591, for a "GARMENT AND BRASSIERE ACCESSORY." A copy of the patent is attached to the Complaint as **Exhibit 3**.

5.     Plaintiffs are the owner of various photographs and artwork related to the promotion and packaging of Plaintiffs' Product (the "Plaintiffs' Works").

---

[1]    While Plaintiffs allege that all of the Defendants are engaged in patent infringement against the Plaintiffs, only the following Defendants are accused of using Plaintiffs' Works to advertise, promote, and sell their Infringing Products, thus they are the only Defendants named in the counts for unfair competition: Comfypro, Dewenbank, FIRST ,Kkitchenware, MOMOBRAS, MOON BAY, NatureNests, Top Perfect Mall, VALLEY, and YaXiu Underwear.

6.      Defendants, by operating Internet based e-commerce stores, and fully interactive, commercial Internet websites operating under Defendants' respective seller identities set forth on Schedule "A" hereto (the "Seller IDs"), have advertised, promoted, sold, and offered for sale goods featuring, displaying, and/or using Plaintiffs' Works and/or Plaintiffs' Patent, without authorization. Plaintiffs have determined the products that each Defendant is offering for sale are not genuine products made and sold by Plaintiffs.

7.      Through the e-commerce marketplace platform, Plaintiffs accessed all of the e-commerce stores operating under Defendants' Seller IDs and captured the Defendants' listings at issue on the e-commerce stores.  At the conclusion of the process, the detailed webpages and photographs were inspected by Plaintiffs' representative who confirmed that each Defendant is featuring, displaying, and/or using Plaintiffs' Works and/or Plaintiffs' Patent, without authorization and the products that each Defendant is offering for sale are not genuine.

8.      Plaintiffs have a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, or distribution of products with unauthorized and unlicensed uses of Plaintiffs' Works and/or Plaintiffs' Patent, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), that at least on claim of the Plaintiffs' Patent has been infringed in violation of 15 U.S.C. § 501, and prevailing on its related state law claims.

9.      Plaintiffs as well as consumers are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiffs' Application for *ex parte* relief is granted.  There is good cause to believe that the unauthorized and unlicensed use of Plaintiffs' Patent and/or Plaintiffs' Works, will continue in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of

the products so advertised, and that Plaintiffs may suffer loss of sales for their genuine products and an unnatural erosion of the legitimate marketplace in which they operate. There is also good cause to believe that if Plaintiffs proceed on notice to Defendants of this Application, Defendants can easily and quickly change the ownership or modify e-commerce store account data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of Seller IDs, thereby thwarting Plaintiffs' ability to obtain meaningful relief. As other courts have recognized, proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the adverse party.

10.     The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiffs, their reputation, and their goodwill as a manufacturer and distributor of quality products, if such relief is not issued.

11.     The public interest favors issuance of the temporary restraining order in order to protect Plaintiffs' interests and protect the public from being deceived and defrauded by the passing off of Defendants substandard goods as Plaintiffs' genuine goods.

12.     Under Pennsylvania law this Court may issue a prejudgment asset restraint where Plaintiffs' complaint asserts a claim for money damages.[2] This Court also has the inherent

---

[2]    Under Pennsylvania law, pre-judgment restraints are permitted as against all defendants. *Walter v. Stacey*, 837 A.2d 1205 (Pa. Super. 2003) (injunction entered restraining assets in action seeking damages for a wrongful death); *Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186 (3d Cir. 1990) (affirming injunction entered restraining assets in class action lawsuit). Plaintiffs' pre-filing investigation indicated that MOON BAY, FIRST, CREIKUTA, Free Thinking FT, and SemiAssist Selections may be U.S.-based. Pre-judgment restraints are appropriate against these sellers under *Walter* and *Hoxworth*. *See also, Aquapaw Brands, LLC v. Joyi Yan*, et al., 22-cv-1607-CCW (W.D. Pa., filed November 17, 2022)(Wiegand, J); *Nifty Home Products, Inc. v. Ladynana US, et al.*, 22-cv-994-AJS (W.D. Pa., filed July 13, 2022)(Schwab, J); *Dental Inc. et al. v. AvantDigital et al.*, 21-cv-565-MRH (W.D. Pa., filed April 29, 2021) and *Doggie Dental Inc. et al. v. CDOffice et al.*, 21-cv-271-MRH (W.D. Pa., filed February 25, 2021).*Doggie Dental Inc. v. Go Well*, No. 19-cv-1282 (W.D. Pa. Oct. 11, 2019) (Hornak, J.) (sellers on amazon.com); *Doggie Dental Inc. v. Worthbuyer*, No. 19-cv-1283 (W.D. Pa. Oct. 11, 2019) (Hornak, J.) (sellers on ebay.com); *Doggie Dental Inc. v. Max_Buy*, No. 19-cv-

authority to issue a prejudgment asset restraint when Plaintiffs' complaint seeks relief in equity. According to both the Lanham Act and Patent Act, Plaintiffs are entitled, "subject to the principles of equity, to recover ... defendant's profits." Plaintiffs seek, among other relief, that Defendants account for and pay to Plaintiffs all the profits realized by Defendants by reason of Defendants' unlawful acts. Therefore, this Court has the authority to grant Plaintiffs' request for a prejudgment asset freeze to preserve the relief sought by Plaintiffs and preserve the Defendants' ability to at least partially satisfy a judgment.

13. Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiffs the records and documents relating to Defendants' illegal and infringing activities. Therefore, Plaintiffs have good cause to be granted expedited discovery.

## **ORDER**

Based on the foregoing findings of fact and conclusions of law, Plaintiffs' Application is hereby **GRANTED** as follows (the "Order"):

### **I. Temporary Restraining Order**

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained as follows:

---

746 (W.D. Pa. June 27, 2019) (Hornak, J.) (sellers on ebay.com); *Doggie Dental Inc. v. Anywill,* No. 19-cv-682 (W.D. Pa. June 13, 2019) (Hornak, J.) (sellers on amazon.com); *Airigan Solutions, LLC v. Abagail*, No. 19-cv-503 (May 28, 2019) (Fischer, J.) (sellers on amazon.com); *Airigan Solutions, LLC v. Babymove*, No. 19-cv-166 (W.D. Pa. Feb. 14, 2019) (Fischer, J.) (sellers on amazon.com); *Airigan Solutions, LLC v. Artifacts_Selling*, No. 18-cv-1462 (W.D. Pa. Oct. 31, 2018) (Fischer, J.) (sellers on ebay.com and aliexpress.com).

(1) from (a) their unauthorized and unlicensed use of Plaintiffs' Patent and/or Plaintiffs' Works, in connection with the distribution, marketing, advertising, offering for sale, or sale of any Infringing Products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products which infringe on Plaintiffs' Works and/or infringe at least one claim of the Plaintiffs' Patent;

(2) from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to their User Accounts,[3] Merchant Storefronts[4] or any money, securities or other property or assets of Defendants (hereinafter collectively referred to as "Defendants' Assets");

(3) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

---

[3]  As defined in the Application, a "User Account" is, as defined in the Complaint, any and all accounts with online marketplace platform(s) Amazon.com, ebay.com, Temu, Alibaba.com, AliExpress.com, Walmart.com, and wish.com, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

[4]  As defined in the Application, a "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

(4) each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue use of the Plaintiffs' Works within metatags or other markers within website source code, from use on any web page (including as the title of any product listing), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use such terms or works which is visible to a computer user or serves to direct computer searches to Internet based e-commerce stores owned, or operated by each Defendant, including the Merchant Storefronts operating under the Seller IDs;

(5) each Defendant shall not transfer ownership of the User Accounts or Merchant Storefronts associated with the Seller IDs;

(6) each Defendant shall preserve copies of all computer files relating to the use of any User Accounts and/or Merchant Storefronts under the Seller IDs and shall take steps necessary to retrieve computer files relating to the use of the User Accounts and/or Merchant Storefronts under their Seller IDs that may been deleted before the entry of this Order;

(7) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Amazon Services, LLC d/b/a Amazon.com, and Amazon Payments, Inc. d/b/a Amazon Pay (collectively "Amazon"), Whaleco Inc., a Delaware Corporation, which is a wholly owned subsidiary of Pinduoduo Inc. which is owned by PDD Holdings (collectively, "Temu"), Tik Tok d/b/a TikTok Shop[5], eBay, Inc. d/b/a

---

[5]    ByteDance Ltd. is the parent and owner of ByteDance, Inc. and TikTok Ltd. TikTok Ltd. owns TikTok LLC and TikTok Pte. Ltd. TikTok LLC in turn owns Defendant TikTok Inc., which owns Defendant TikTok U.S. Data Security Inc. TikTok, Inc. is a California Corporation; TikTok U.S. Data Security Inc. is a Delaware

ebay.com, Walmart Inc. and Wal-Mart.com USA, LLC, wish.com, Alibaba.com US LLC d/b/a Alibaba.com and AliExpress.com ("Third Party Service Providers") and financial institutions, including but not limited to, Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. AliPay (China) Internet Technology Co. Ltd., and Alipay.com Co., Ltd. (collectively referred to as "AliPay")[6], Amazon Payments, Inc., Walmart Pay, PayPal, Inc. d/b/a paypal.com, and Context Logic, Inc. d/b/a wish.com ("Financial Institutions").[7], and their related companies and affiliates, shall immediately identify and restrain all funds, as opposed to ongoing account activity, in or which are hereafter transmitted into the accounts related to the Defendants as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s); (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other accounts subject to this Order; and (iii) any other accounts tied to or used by any of the Seller IDs identified on Schedule "A" hereto;[8]

(8) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third-Party Service Provider(s) and the Financial Institution(s), shall immediately divert to a holding account for the trust of the Court all funds in or which are hereafter transmitted into all accounts related to Defendants

---

Corporation, ByteDance Ltd, is a Cayman Islands company; ByteDance Inc. is a Delaware Corporation; TikTok PTE Ltd is a Singapore company; TikTok Ltd is a Cayman Islands company (collectively "TikTok").

[6] WorldPay US, Inc. ("WorldPay") processes transactions on behalf of Alibaba and Alipay, which may appear as "AliExpress" on a cardholder's credit card statement.

[7] Plaintiff acknowledges that it is seeking multiple forms of relief. Plaintiff will promptly provide supplemental briefing or oral argument on any issue should the Court request it.

[8] This Order contemplates that discovery may reveal that Defendants may have other user accounts operated by other Third-Party Service Providers and Financial Institutions and that the additionally discovery Third Party Service Providers and Financial Institutions, once identified and provided with notice, shall also be subject to the discovery, restraints and injunctions set forth in this Order.

identified in Schedule "A" hereto, and associated payment accounts, and any other accounts for the same customer(s) as well as any other accounts which transfer funds into the same financial institution account(s) as any other accounts subject to this Order;

(9) The Third-Party Service Provider(s) and Financial Institution(s) shall further, within five (5) business days of receiving this Order, provide Plaintiffs' counsel with all data that details (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account holders, until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third-Party Service Provider or Financial Institution for any purpose (other than pursuant to a chargeback made pursuant to that Third Party Service Provider or Financial Institution's security interest in the funds) without express authorization of this Court; (in order to confirm compliance with this Order, the Plaintiffs are permitted leave to serve a subpoena on such Third Party Service Provider(s) and Financial Institution(s) seeking the following information: (a) Bank account and routing numbers registered and used with regard to each seller account; (b) Financial records and other documents identifying the use of third-party payment service providers such as Payoneer and Wise; (c) Dates when funds were last sent from the seller to their seller account and the respective amount transferred; (d) Dates when funds were last sent from the seller account to the seller and the respective amount transferred; (e) amount and location of the

seller's assets that are in Amazon's control; (f) copies any insurance policies owned by the Defendants; and (g) all documents identifying the Defendants.

(10) Upon Plaintiffs' request, any Internet marketplace who is provided with notice of this Order, including but not limited to the Third-Party Service Provider(s) and Financial Institution(s), shall immediately cease fulfillment of and sequester Defendants' inventory assets corresponding to the Seller IDs identified on Schedule "A" hereto in its inventory, possession, custody, or control, and hold such goods in trust for the Court during pendency of this action;

(11) This Order shall apply to the Seller IDs, associated Accounts and Merchant Storefronts, and any other seller identification names, Accounts or Merchant Storefronts, Third Party Service Provider or Financial Institution accounts which are being used by Defendants for the purpose of infringing this Order shall apply to the Seller IDs, associated Accounts and Merchant Storefronts, and any other seller identification names, Accounts or Merchant Storefronts, Third Party Service Provider or Financial Institution accounts which are being used by Defendants for offering, advertising, shipping and/or selling the Infringing Products at issue in this action and/or unfairly competing with Plaintiffs;

(12) Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third-Party Service Provider(s) and the Financial Institution(s), subject to this Order may petition the Court to modify the asset restraint set out in this Order; and

(13) This Order shall remain in effect until the date for the hearing to show cause why a preliminary injunction should not be issued as set forth below, or until such further dates as set by the Court or stipulated by the parties.

B.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that upon Plaintiffs' request, any Internet marketplace who is provided with notice of this Order, including but not limited to the Third-Party Service Providers and Financial Institutions, is hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiffs' Application for a preliminary injunction, or until further order of the Court:

(1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") until further ordered by this Court; and

(2) within five (5) days after receiving notice of this Order, providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts, and any other listings linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that, upon Plaintiffs' request, within no later than five (5) calendar days of Plaintiffs' request, any Third Parties are ordered to suspend any listing of a product that Plaintiffs assert infringes at least one claim of the Plaintiffs' Patent, and/or infringes Plaintiffs' Works and is identified as originating outside of the United States and unfairly competing with Plaintiffs' Product.

## II. Order to Show Cause Why a Preliminary Injunction
## Should Not Issue and Service of Order

A. Defendants are hereby ORDERED to show cause before this Court in the United States District Court for the Western District of Pennsylvania, via ZoomGov videoconference , on the 26ᵀᴴ day of __Nov.__ , 2024, at __11:00__ _a_m. or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to FRCP 65(a), should not issue. **Defendants are on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them.**

B. Opposing papers, if any, shall be filed electronically with the Court and served on Plaintiffs' counsel by delivering copies thereof to the office of Ference & Associates LLC at 409 Broad Street, Pittsburgh, Pennsylvania 15143 before __November 22__, 2024. ~~Plaintiffs shall file any Reply papers on or before _____, 2024.~~

C. After Plaintiffs' counsel has received confirmation from the Third Party Service Providers and Financial Institutions or otherwise, regarding the restraint of funds directed herein, Plaintiffs shall serve copies of the Complaint, the Application, this Order, and any Discovery on each Defendant via their corresponding email/online contact form provided on the Internet based e-commerce stores operating under the respective Seller IDs, or by providing a copy of this order by e-mail to the marketplace platform, which in turn notifies each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court.  In addition, Plaintiffs shall post copies of the Complaint, Application, this Order, any Discovery, and all other pleadings and documents filed in this action on a website designated by Plaintiffs,[9] and

---

[9]  Rule 65 has been interpreted to require that a party have notice of the motion and hearing; perfecting service on a defendant is not a prerequisite to the entry of a preliminary injunction order. *Pate v. Gov't of the Virgin Islands*, 2015 WL 1937701 n.9 (VI Sup. Ct. April 17, 2015); *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 302 (5th Cir. 1978).

shall provide the website address to Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof. Plaintiffs shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website designated by Plaintiffs or by other means reasonably calculated to give notice which is permitted by the Court.

### III. Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

(1) Plaintiffs may propound interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.

(2) Plaintiffs may serve requests for the production of documents pursuant to FRCP 26 and 34, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs' counsel.

(3) Plaintiffs may serve requests for admissions pursuant to FRCP 26 and 36, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such requests within fourteen (14) days of service to Plaintiffs' counsel.

B.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within fourteen (14) days of receiving actual notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), shall provide to Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

(1) any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the respective Third-Party Service Provider;

(2) the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided;

(3) the Defendants' methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

(4) Defendants' unauthorized and unlicensed use of Plaintiffs' Works and/or infringe at least one claim of the Plaintiffs' Patent in connection with the distribution, marketing, advertising, offering for sale, or sale of any Infringing Products.

## V. Security Bond

IT IS FURTHER ORDERED that Plaintiffs shall place security (corporate surety bond,

cash, certified check, or attorney's check) in the amount of $ 1000 . 00 Dollars

( $ 1000 ) with the Court, which amount is determined adequate for the payment

of any damages any person may be entitled to recover as a result of an improper or wrongful

restraint ordered hereunder.

## VI. Summons

IT IS FURTHER ORDERED that the Clerk of the Court shall issue a single original

summons in the name of "MOON BAY and all other Defendants identified in the Complaint"

that will apply to all Defendants.

**SO ORDERED.**

SIGNED this 13 day of November, 2024, at 8:45 a.m.
Pittsburgh, Pennsylvania

_____
UNITED STATES DISTRICT JUDGE

# Schedule "A"
# Defendants With Store Name and Seller ID

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 1 | MOON BAY | 635517727758482 |
| 2 | A pure land | 634418212896294 |
| 3 | AAA Outdoor | 634418210875963 |
| 4 | Aladin | 5528254826496 |
| 5 | AlisaTwo | 634418215794109 |
| 6 | AMYS Life | 634418214539327 |
| 7 | Ankes | 634418212388126 |
| 8 | ATinicoo | 634418217714778 |
| 9 | Atom takes you over the mounta | 634418215517217 |
| 10 | Auroraevolve | 634418217037058 |
| 11 | Awesome Selection - Happy life good goods gallery | 415511530677 |
| 12 | Awesome Selection - Lihong metal container | 1780876881588 |
| 13 | Bean cabin | 634418211354660 |
| 14 | Beautystar | 634418210888924 |
| 15 | BEfashionclub | 5756385642743 |
| 16 | Best Bonnie | 6115905219145 |
| 17 | Betas shop | 5549403515591 |
| 18 | Bethel Bob | 634418212399765 |
| 19 | Bobi Household Daily | 634418217213332 |
| 20 | BRACS | 634418214437748 |
| 21 | BYDONSUNG | 634418212130543 |
| 22 | CChengShop | 2728460554941 |
| 23 | Charm Box | 634418215748991 |
| 24 | Charm Box Select | 634418217402649 |
| 25 | cheapmrore | 634418218281109 |
| 26 | Cicci | 116182969267 |
| 27 | Comfypro | 634418216916963 |
| 28 | cornfield | 39583751921 |
| 29 | Cosy house your | 634418215126855 |
| 30 | Creative eclothing | 634418210141977 |
| 31 | CREIKUTA | 635517728206080 |
| 32 | DanniskkkyZJ | 634418211202110 |
| 33 | DAXUELLL | 634418217205855 |
| 34 | develop shop | 634418210798266 |
| 35 | Dewenbank | 634418216890430 |
| 36 | Donglingcheng | 634418217703871 |

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 37 | Dufly | 634418217558511 |
| 38 | DUHEMICSA | 634418215962368 |
| 39 | ELEPHANTBOUTIQUE | 634418212856234 |
| 40 | Embroidery Shop | 634418211775007 |
| 41 | ETCKKSS | 634418211765865 |
| 42 | fanlilllll | 634418215829711 |
| 43 | Feihon local | 634418216977483 |
| 44 | FeiXiang one | 634418211723611 |
| 45 | FIRST | 635517727287493 |
| 46 | FODONG | 634418213589058 |
| 47 | Four Seasonal Good Things | 634418212707863 |
| 48 | Free thinking FT | 635517728960900 |
| 49 | GABBY HOME | 634418212988835 |
| 50 | gagabirds | 634418216428344 |
| 51 | Girl Lingerie | 634418218456067 |
| 52 | Good Luck Yajun | 634418211144208 |
| 53 | GREATTI | 634418217316775 |
| 54 | Guojiangjuntwo | 634418218093108 |
| 55 | Handsome Jing Hao | 634418214759750 |
| 56 | Happiness Undermn | 634418218143802 |
| 57 | Happy life good goods gallery | 241101709208 |
| 58 | HHomeEssentials | 634418217371905 |
| 59 | Hibbdian | 634418217080958 |
| 60 | Homoe | 634418213537582 |
| 61 | Hotsaleshop | 634418217709738 |
| 62 | House Romance | 634418212117144 |
| 63 | HTG Factory | 634418217186637 |
| 64 | HTG Mfg | 634418217308632 |
| 65 | HTG Suppliers | 634418215823670 |
| 66 | HUAMALL | 634418212788176 |
| 67 | HuangJiaConG | 634418215584109 |
| 68 | HuiYuan Boutique Shop | 634418214707509 |
| 69 | HXDZ | 634418212399563 |
| 70 | Improve our quality of Express delivery life | 634418214853120 |
| 71 | Intellectual childhood | 5306483939571 |
| 72 | JiaYueBaiHuo | 634418211670589 |
| 73 | Jin azure stone | 634418216367818 |
| 74 | Judy K | 634418213988653 |
| 75 | jun T | 634418214609412 |
| 76 | junjunliqing | 634418212526107 |
| 77 | Kellys cakes | 634418212862267 |
| 78 | KIIVmall | 634418216709956 |

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 79 | Kkitchenware | 2755809516648 |
| 80 | Knnowy | 4189067804365 |
| 81 | kspo | 634418218165843 |
| 82 | KUNYINGMAOYE | 5685040985527 |
| 83 | LAKING | 4157761961162 |
| 84 | Lao Lius Treasure Chest | 634418214868801 |
| 85 | Lconic | 634418217433654 |
| 86 | LEEN SHOP | 634418214954252 |
| 87 | Leohk | 63441812868265 |
| 88 | Leohkfive | 634418218093342 |
| 89 | Leohkfour | 634418217614368 |
| 90 | Leohkthree | 634418216197326 |
| 91 | LERYEE | 634418214096227 |
| 92 | LIDO FIRE | 634418211906390 |
| 93 | Longshaoxiaodian | 3081492062223 |
| 94 | Love leather bag | 634418210963546 |
| 95 | LT TXDY | 634418214377422 |
| 96 | Lu chun fishing gear | 983947045087 |
| 97 | Lucas Leu | 634418211277734 |
| 98 | Lucky lady MeiMei | 634418216960516 |
| 99 | LUXIAOER | 634418215466217 |
| 100 | Meijiajing Home furnishing | 533930424574 |
| 101 | MeKaren | 22742859332 |
| 102 | ML General Shop | 634418216316155 |
| 103 | MMegaMall | 634418217371960 |
| 104 | MOMOBRAS | 634418214105784 |
| 105 | More beautiful clothes | 1219658487136 |
| 106 | mountain top Q | 634418213753816 |
| 107 | Nancy stone | 634418213400966 |
| 108 | NatureNests | 634418216954631 |
| 109 | NetEBuy | 634418211682814 |
| 110 | New Number One | 634418217877587 |
| 111 | noem | 634418211941559 |
| 112 | Oilon | 634418212557205 |
| 113 | onloveeeee | 5722573108891 |
| 114 | Onlytu | 5147854327363 |
| 115 | OUR Various | 634418216925423 |
| 116 | People and Trojans | 634418217446900 |
| 117 | PHIPI SHOP | 2792520256919 |
| 118 | PICCI | 634418212834057 |
| 119 | Plus Size | 35913910258 |
| 120 | Preferably Zheheng | 601099634135350 |

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 121 | PureeHome | 634418216649130 |
| 122 | Q Y fashion | 634418213280733 |
| 123 | QAZ SUPPLY | 634418216630031 |
| 124 | quanchen best wishes | 634418211921600 |
| 125 | REDXHY | 634418212174976 |
| 126 | RMM Fashion | 321653081388 |
| 127 | Rose flowers | 634418216223829 |
| 128 | RUKEEY | 634418216421585 |
| 129 | SemiAssist Selections | 635517729199895 |
| 130 | Sexy Underwear T | 22030692468 |
| 131 | Sexygirlmm | 634418218025252 |
| 132 | SHENGYI Premium products | 634418216939439 |
| 133 | SHIJIAKEJI | 634418215657673 |
| 134 | Shopift | 634418217423735 |
| 135 | Shops along the street | 634418214367492 |
| 136 | Shunxin YueGou | 634418213469767 |
| 137 | Smileplus Accessories | 5937069577283 |
| 138 | Song yi wang luo local | 634418215435878 |
| 139 | SunH | 634418212520188 |
| 140 | sweetie underpants | 634418218314026 |
| 141 | SWQONE | 634418216646703 |
| 142 | TAOTAOSHOP | 4703968178720 |
| 143 | TenCool | 601099557960004 |
| 144 | Tiantianhui | 5009552186813 |
| 145 | Ting D | 634418218016985 |
| 146 | TingS HOME | 634418217288738 |
| 147 | Top Perfect Mall | 634418215534681 |
| 148 | Topbooc | 634418212464781 |
| 149 | Topbooc Travels Luggage | 634418212935544 |
| 150 | Touchbra fou u | 634418216980461 |
| 151 | TPAT SHOP | 634418214136923 |
| 152 | TTomorrow | 634418211211003 |
| 153 | TuTu Magic House | 1355789126743 |
| 154 | TUZHIFEI | 634418215481443 |
| 155 | Umi Life Shop | 634418216496346 |
| 156 | UNIFIEDD | 5952541346505 |
| 157 | VALLEY | 635517727758196 |
| 158 | Various of shops | 634418217711408 |
| 159 | Veno | 10736859393 |
| 160 | VividVeil | 634418217189332 |
| 161 | wanggey | 634418213978607 |
| 162 | Warm Home f | 634418211986790 |

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 163 | WE CAN DUN | 634418217189332 |
| 164 | WERR | 634418213978607 |
| 165 | xiaoyapin | 634418211986790 |
| 166 | xuanse | 634418216973030 |
| 167 | XYZ Household Daily | 634418217213323 |
| 168 | Yan kang | 634418216421497 |
| 169 | YaXiu Underwear | 634418213551243 |
| 170 | YFF Lingerie | 3547740787441 |
| 171 | Yi Xiaomei | 5537123062942 |
| 172 | YingQiuDianZiShangWu | 306865749424 |
| 173 | yiy jia | 634418214377692 |
| 174 | YOCISIL | 58368371348 |
| 175 | YOHOY | 35140078143 |
| 176 | YoungGo | 2609541841528 |
| 177 | Your speed | 634418214888682 |
| 178 | Yugan Supplies | 3241612839448 |
| 179 | ZHANGFive | 634418217513485 |
| 180 | ZHANGsix | 634418218099131 |
| 181 | ZHANGthree | 634418216219154 |
| 182 | zhuanglu | 634418214886305 |
| 183 | ZM Socks | 634418211091540 |
| 184 | ZXZHANG | 634418213613195 |
| 185 | ZZHappy Trading | 634418216950693 |